# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>*Defendants.* | Civil Action No. 6:20-cv-00569-ADA |

## DEFENDANTS DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively "Dell") responds to Sable Networks, Inc. and Sable IP, LLC's (collectively "Sable" or "Plaintiffs") Complaint as follows. Each numbered paragraph below response to the same numbered paragraph in the Complaint. Any allegation Dell does not expressly admit should be deemed denied.

### INTRODUCTION[1]

1.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

---

[1]     For ease of reference, Dell incorporates the outline headings used in the Complaint. To the extent that such headings make factual allegations, Dell does not adopt or admit such statements and instead denies them.

3.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies them.

6.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies them.

7.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies them.

8.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies them.

9.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies them.

10.     Dell denies that it uses any of the alleged inventions claimed in Sable's patent portfolio, denies that any such inventions arise from Caspian Networks and Sable Networks' technology, and denies that Sable is entitled to reasonable royalties related to any conduct by Dell. Dell is without knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 10 of the Complaint, and therefore denies them.

### SABLE'S PATENT PORTFOLIO

11.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies them.

12.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies them.

## THE PARTIES

### SABLE NETWORKS, INC.

13.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies them.

14.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

### SABLE IP, LLC

16.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies them.

### DELL DEFENDANTS

17.     Dell admits that Dell Technologies Inc. is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222. Dell admits that Dell Technologies Inc. may be served through its registered agent at Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

18.     Dell admits that Dell Inc. is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222. Dell admits that Dell Inc. may be served through its registered agent at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Dell admits that it has multiple places of business in this district, is registered to do business in the State of Texas, and has been so registered since at least October 27, 1987.

19.     Dell admits that EMC Corporation is a Massachusetts corporation with a place of business at 1 Dell Way, Round Rock, Texas 78682. Dell admits that EMC Corporation may be served through its registered agent at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Dell admits EMC Corporation is registered to do business in the State of Texas and has been so registered since at least July 17, 1987. Dell denies the remaining of the allegations of Paragraph 19 of the Complaint.

### JURISDICTION AND VENUE

20.      Dell admits this is a case brought under the patent laws of the United States but denies that Plaintiffs have any viable claim thereunder. Dell admits that the Court has subject matter jurisdiction over this action.

21.     Dell admits this Court has personal jurisdiction over it. Dell admits that Dell Inc. and EMC Corporation are registered to do business in the State of Texas, that each of the Defendants are headquartered in this District, and that they conduct business in this District. Dell denies that it, directly or through subsidiaries or intermediaries, has committed or continues to commit any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 21 of the Complaint.

22.     Dell does not contest that venue over this action is proper in this District but denies that it is the most convenient venue and expressly reserves its right to move for transfer to a more convenient venue. Dell denies that venue is proper in the Waco Division. Dell admits it is headquartered in this District and has conducted business in this District. Dell denies that it has committed any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 22 of the Complaint.

23.     Dell admits it has a regular and established place of business in this District. Dell

denies it has committed any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 23 of the Complaint.

24.     Dell admits this Court has personal jurisdiction over it. Dell admits it conducts business in the State of Texas and in this District. Dell denies it has committed any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 24 of the Complaint.

25.     Dell admits this District has specific personal jurisdiction over it and denies the remaining allegations of Paragraph 25 of the Complaint.

### THE ASSERTED PATENTS

#### U.S. PATENT NO. 6,977,932

26.     Dell admits what appears to be a copy of U.S. Patent No. 6,977,932, titled "System and Method for Network Tunneling Utilizing Micro-Flow State Information" is attached as Exhibit A to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore denies them.

27.     Dell denies the allegations of Paragraph 27 of the Complaint.

28.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and therefore denies them.

29.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and therefore denies them.

30.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and therefore denies them.

31.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and therefore denies them.

32. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies them.

33. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and therefore denies them.

34. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies them.

35. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and therefore denies them.

36. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore denies them.

**U.S. PATENT NO. 7,428,209**

37. Dell admits what appears to be a copy of U.S. Patent No. 7,428,209, titled "Network Failure Recovery Mechanism" is attached as Exhibit B to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and therefore denies them.

38. Dell denies the allegations in Paragraph 38 of the Complaint.

39. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore denies them.

40. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and therefore denies them.

41. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies them.

42. Dell is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 42 of the Complaint, and therefore denies them.

43.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and therefore denies them.

44.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and therefore denies them.

45.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and therefore denies them.

46.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies them.

47.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies them.

48.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and therefore denies them.

49.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies them.

**U.S. PATENT. NO. 7,630,358**

50.    Dell admits what appears to be a copy of U.S. Patent No. 7,630,358, titled "Mechanism for Implementing Multiple Logical Routers Within A Single Physical Router" is attached as Exhibit C to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and therefore denies them.

51.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and therefore denies them.

52.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and therefore denies them.

53.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and therefore denies them.

54.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint, and therefore denies them.

55.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, and therefore denies them.

56.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and therefore denies them.

57.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and therefore denies them.

58.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, and therefore denies them.

**U.S. PATENT. NO. 8,243,593**

59.     Dell admits what appears to be a copy of U.S. Patent No. 8,243,593, titled "*Mechanism for Identifying and Penalizing Misbehaving Flows in a Network*" is attached as Exhibit D to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59, and therefore denies them.

60.     Dell denies the allegations in Paragraph 60 of the Complaint.

61.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and therefore denies them.

62.     Dell is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 62 of the Complaint, and therefore denies them.

63.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and therefore denies them.

64.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore denies them.

65.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and therefore denies them.

66.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and therefore denies them.

67.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, and therefore denies them.

68.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint, and therefore denies them.

69.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, and therefore denies them.

### COUNT I
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,977,932

70.     Dell incorporates Paragraphs 1-69 of this Answer as if set forth fully here.

71.     Dell admits it designs, makes, sells, offers to sell, imports, and/or uses the following products: Dell EMC PowerSwitch N1500 Series devices (1524, 1524P, 1548, 1548P); Dell EMC PowerSwitch N2000 Series devices (2024, 2024P, 2048, 2048P); Dell EMC PowerSwitch N3000 Series devices (3024, 3024P, 3048, 3048P); and Dell EMC PowerSwitch N4000 Series devices (4032, 4032F, 4064, 4064F). Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and therefore denies them.

72.     Dell admits that one or more of its subsidiaries or affiliates uses one or more of the Dell '932 Products.

73.     Dell denies the allegations of Paragraph 73 of the Complaint.

74.     Dell denies the allegations of Paragraph 74 of the Complaint.

75.     Dell denies the allegations of Paragraph 75 of the Complaint.

76.     Dell denies the allegations of Paragraph 76 of the Complaint.

77.     Dell states that its product documentation speaks for itself, and otherwise denies the allegations of Paragraph 77 of the Complaint.

78.     Dell denies the allegations of Paragraph 78 of the Complaint.

79.     Dell denies the allegations of Paragraph 79 of the Complaint.

80.     Dell admits that it offers its products for sale throughout the United States.

81.     Dell admits that it offers its products for sale throughout the United States, including in this District.

82.     Dell denies the allegations of Paragraph 82 of the Complaint.

83.     Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 83.

84.     Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell admits that it was served with a copy of a complaint alleging infringement of the '932 patent on June 26, 2020, but Dell denies that it

has infringed any of the patents asserted in the Complaint and further denies that Plaintiffs are entitled to any relief. Dell denies the remaining allegations in Paragraph 84 of the Complaint.

85.      Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 85.

86.      Dell understands all claims for willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 86.

87.      Dell denies the allegations of Paragraph 87 of the Complaint.

88.      Paragraph 88 of the Complaint contains conclusions of law to which no response is required. Dell denies it has committed any acts of infringement. Dell further denies that Plaintiffs are entitled to any relief whatsoever, including monetary relief, and further denies that any of Dell's products infringe any valid and enforceable claim of the '932 patent either directly, indirectly, literally, or under the doctrine of equivalents. Dell denies each and every remaining allegation contained in Paragraph 88.

## COUNT II
### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,428,209

89.      Dell incorporates Paragraphs 1-88 of this Answer as if set forth fully here.

90.      Dell admits that it sells high quality products that are capable of recovering from failures but otherwise denies the allegations of Paragraph 90 of the Complaint, and expressly denies that any of Dell's products infringe any valid and enforceable claim of the '209 patent either directly, indirectly, literally, or under the doctrine of equivalents.

91.     Dell admits it designs, makes, sells, offers to sell, imports, and/or uses Dell EMC PowerEdge MX infrastructure products with the Dell EMC SmartFabric OS10 or later network operating system. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91, and therefore denies them.

92.     Dell denies the allegations of Paragraph 92 of the Complaint.

93.     Dell states that its product documentation speaks for itself, and otherwise denies the allegations of Paragraph 93 of the Complaint.

94.     Dell denies the allegations of Paragraph 94 of the Complaint.

95.     Dell denies the allegations of Paragraph 95 of the Complaint.

96.     Dell states that its product documentation speaks for itself, and otherwise denies the allegations of Paragraph 96 of the Complaint.

97.     Dell denies the allegations of Paragraph 97 of the Complaint.

98.     Dell denies the allegations of Paragraph 98 of the Complaint.

99.     Dell denies the allegations of Paragraph 99 of the Complaint.

100.     Dell denies the allegations of Paragraph 100 of the Complaint.

101.     Dell denies the allegations of Paragraph 101 of the Complaint.

102.     Dell denies the allegations of Paragraph 102 of the Complaint.

103.     Dell denies the allegations of Paragraph 103 of the Complaint.

104.     Dell denies the allegations of Paragraph 104 of the Complaint.

105.     Dell denies the allegations of Paragraph 105 of the Complaint.

106.     Dell denies the allegations of Paragraph 106 of the Complaint.

107.     Dell admits that it offers its products for sale throughout the United States.

108.    Dell admits that it offers its products for sale throughout the United States, including in this District.

109.    Dell denies the allegations of Paragraph 109 of the Complaint.

110.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 110.

111.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell admits that it was served with a copy of a complaint alleging infringement of the '209 patent on June 26, 2020, but Dell denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiffs are entitled to any relief. Dell denies the remaining allegations in Paragraph 111 of the Complaint.

112.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 112 and specifically denies that it had knowledge of any risk of infringement of the '209 Patent by any product prior to being served with the Complaint in this action.

113.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 113.

114.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 114.

115.    Dell denies the allegations of Paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint contains conclusions of law to which no response is required. Dell denies it has committed any acts of infringement. Dell further denies that Plaintiffs are entitled to any relief whatsoever, including monetary relief, and further denies that any of Dell's products infringe any valid and enforceable claim of the '209 patent either directly, indirectly, literally, or under the doctrine of equivalents. Dell denies each and every remaining allegation contained in Paragraph 116.

## COUNT III
### [ALLEGED] INFRINGEMENT OF U.S. PAT. NO. 7,630,358

117.    Dell incorporates Paragraphs 1-116 of this Answer as if set forth fully here.

118.    Dell admits that it sells physical routers in the United States but otherwise denies the allegations of Paragraph 118 of the Complaint, and expressly denies that any of Dell's products infringe any valid and enforceable claim of the '358 patent either directly, indirectly, literally, or under the doctrine of equivalents.

119.    Dell admits it designs, makes, sells, offers to sell, imports, and/or uses Dell EMC PowerSwitch devices with the Dell EMC Networking OS10 or later network operating system, which include Dell EMC PowerSwitch S-Series and Dell EMC PowerSwitch Z-Series devices. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119, and therefore denies them.

120.    Dell denies the allegations of Paragraph 120 of the Complaint.

121.    Dell denies the allegations of Paragraph 121 of the Complaint.

122.    Dell denies the allegations of Paragraph 122 of the Complaint.

123.    Dell states that its product documentation speaks for itself and otherwise denies the allegations of Paragraph 123 of the Complaint.

124.    Dell denies the allegations of Paragraph 124 of the Complaint.

125.    Dell denies the allegations of Paragraph 125 of the Complaint.

126.    Dell admits that it offers its products for sale throughout the United States.

127.    Dell admits that it offers its products for sale throughout the United States, including in this District.

128.    Dell denies the allegations of Paragraph 128 of the Complaint.

129.    Dell denies the allegations of Paragraph 129 of the Complaint.

130.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 130.

131.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell admits that it was served with a copy of a complaint alleging infringement of the '358 patent on June 26, 2020, but Dell denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiffs are entitled to any relief. Dell denies the remaining allegations in Paragraph 131 of the Complaint.

132.    Dell understands all claims for induced infringement to be dismissed pursuant to

Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 132.

133.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 133.

134.    Dell denies the allegations of Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint contains conclusions of law to which no response is required. Dell denies it has committed any acts of infringement. Dell further denies that Plaintiffs are entitled to any relief whatsoever, including monetary relief, and further denies that any of Dell's products infringe any valid and enforceable claim of the '358 patent either directly, indirectly, literally, or under the doctrine of equivalents. Dell denies each and every remaining allegation contained in Paragraph 135.

## Count IV
## [Alleged] Infringement of U.S. Patent No. 8,243,593

136.    Dell incorporates Paragraphs 1-135 of this Answer as if set forth fully here.

137.    Dell denies the allegations of Paragraph 137.

138.    Dell admits it designs, makes, sells, offers to sell, imports, and/or uses Dell EMC SD-WAN Edge 3000 and the Dell EMC SD-WAN Edge 600 Series products. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138, and therefore denies them.

139.    Dell denies the allegations of Paragraph 139 of the Complaint.

140.    Dell denies the allegations of Paragraph 140 of the Complaint.

141.    Dell admits that it offers its products for sale throughout the United States.

142.    Dell admits that it offers its products for sale throughout the United States, including in this District.

143.    Dell denies the allegations of Paragraph 143 of the Complaint.

144.    Dell denies the allegations of Paragraph 144 of the Complaint.

145.    Dell denies the allegations of Paragraph 145 of the Complaint.

146.    Dell denies the allegations of Paragraph 146 of the Complaint.

147.    Dell denies the allegations of Paragraph 147 of the Complaint.

148.    Dell denies the allegations of Paragraph 148 of the Complaint.

149.    Dell states that its product documentation speaks for itself and otherwise denies the allegations of Paragraph 149 of the Complaint.

150.    Dell states that the product documentation speaks for itself and otherwise denies the allegations of Paragraph 150 of the Complaint.

151.    Dell denies the allegations of Paragraph 151 of the Complaint.

152.    Dell denies the allegations of Paragraph 152 of the Complaint.

153.    Dell denies the allegations of Paragraph 153 of the Complaint.

154.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 154.

155.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell admits that it was served with a copy

17

of a complaint alleging infringement of the '593 patent on June 26, 2020, but Dell denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiffs are entitled to any relief. Dell denies the remaining allegations in Paragraph 155 of the Complaint.

156.    Dell understands all claims for induced infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 156.

157.    Dell understands all claims for induced and willful infringement to be dismissed pursuant to Docket Entry 22, negating the need for a response to this paragraph. However, in the interest of completeness, to the extent the claims are not dismissed, Dell denies the allegations of Paragraph 157.

158.    Dell denies the allegations of Paragraph 158 of the Complaint.

159.    Paragraph 159 of the Complaint contains conclusions of law to which no response is required. Dell denies it has committed any acts of infringement. Dell further denies that Plaintiffs are entitled to any relief whatsoever, including monetary relief, and further denies that any of Dell's products infringe any valid and enforceable claim of the '593 patent either directly, indirectly, literally, or under the doctrine of equivalents. Dell denies each and every remaining allegation contained in Paragraph 159.

### PRAYER FOR RELIEF

Dell denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

### JURY TRIAL DEMAND

Dell admits that Plaintiffs demand a trial by jury on all issues so triable in this action. Dell also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without assuming any burden it would not otherwise bear, Dell currently asserts the following defenses to Plaintiffs' Complaint:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Dell does not infringe, and has not infringed, any claim of the '932 patent, '209 patent, '358 patent, and/or '593 patent (collectively the "Asserted Patents") literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### THIRD DEFENSE

The claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications resulting in the issuance of the Asserted Patents, Plaintiffs are estopped from claiming infringement by Dell of one or more claims of the Asserted Patents.

### FIFTH DEFENSE

Plaintiffs' claims for patent infringement are precluded in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Dell by an entity or entities having express or implied licenses to the Asserted Patents; and/or (ii) under the doctrine of patent exhaustion.

### SIXTH DEFENSE

Any claim by Plaintiffs for damages is limited under 35 U.S.C. §§ 286 or 287.  Plaintiffs are barred under 35 U.S.C. § 287 from recovering damages before the filing of its Complaint. Plaintiffs are further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SEVENTH DEFENSE

Plaintiffs are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.  Plaintiffs are also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

### EIGHTH DEFENSE

Plaintiffs are not entitled to an injunction with respect to the Asserted Patents under any theory because Plaintiffs have not and will not suffer irreparable harm, Plaintiffs do not practice the patents, Plaintiffs are not without adequate remedy at law, and/or public policy concerns weigh against any equitable relief.

### RESERVATION OF ALL AFFIRMATIVE DEFENSES

Dell hereby gives notice that it intends to reply upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure,

and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

### NATURE AND BASIS OF ACTION

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Dell respectfully requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent Nos. 6,977,932; 7,428,209; 7,630,358; and 8,243,593 (collectively, "Asserted Patents"); and (ii) the claims of the Asserted Patents are invalid.

### THE PARTIES

2.      Dell Technologies Inc., is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222.

3.      Dell Inc., is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222.

4.      EMC Corporation is a Massachusetts corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682.

5.      According to Plaintiffs' Complaint, Sable Networks, Inc., is a corporation organized and existing under the laws of the State of California.

6.      According to Plaintiffs' Complaint, Sable IP, LLC is a Delaware limited liability company with its principal place of business at 225 S. 6th Street, Suite 3900, Minneapolis, Minnesota 55402.

## JURISDICTION AND VENUE

7.      Subject to Dell's defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over Dell's Counterclaims under 28 U.S.C. § 1367.

8.      Subject to Dell's defenses and denials, and any request to seek transfer of venue under 28 U.S.C. § 1404(a), personal jurisdiction and venue are proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, Plaintiffs have submitted to the venue of this Court by filing its Complaint here.

## FACTUAL ALLEGATIONS

9.      Upon information and belief, Plaintiffs purport to be the owner(s) by assignment of the Asserted Patents.

10.     Dell does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the Asserted Patents.

11.     Upon information and belief, all claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

12.     Dell realleges and reincorporates the allegations of Paragraphs 1 through 11, inclusive, of its Counterclaims as if set forth here in full.

13.     Dell has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the Asserted Patents

and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

14.     An actual case and controversy exist between Dell and Plaintiffs based on Plaintiffs having filed the Complaint against Dell alleging infringement of the Asserted Patents.

15.     Dell has been injured and damaged by Plaintiffs' lawsuit.

16.     Dell therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

17.     Dell realleges and reincorporates the allegations of Paragraphs 1 through 16, inclusive, of its Counterclaims as if set forth here in full.

18.     The claims of the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

19.     An actual controversy exists between Dell and Plaintiffs based on Plaintiffs having filed the Complaint against Dell alleging infringement of the Asserted Patents.

20.     Dell has been injured and damaged by Plaintiffs' lawsuit.

21.     Dell therefore seeks a declaration that the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*

## PRAYER FOR RELIEF

Wherefore, Dell respectfully prays for judgment in its favor and against Plaintiffs as follows:

a.      Dismissing with prejudice Plaintiffs' Complaint.

b.      Denying Plaintiffs any relief against Dell.

c.      Declaring that the claims of U.S. Patent No. 6,977,932 are invalid.

d.      Declaring that the claims of U.S. Patent No. 7,428,209 are invalid.

e.      Declaring that the claims of U.S. Patent No. 7,630,358 are invalid.

f.      Declaring that the claims of U.S. Patent No. 8,243,593 are invalid.

g.      Declaring that the claims of U.S. Patent No. 6,977,932 are not infringed by Dell.

h.      Declaring that the claims of U.S. Patent No. 7,428,209 are not infringed by Dell.

i.      Declaring that the claims of U.S. Patent No. 7,630,358 are not infringed by Dell.

j.      Declaring that the claims of U.S. Patent No. 8,243,593 are not infringed by Dell

k.      Declaring that this is an exceptional case under 35 U.S.C. § 285 entitling Dell to its reasonable attorney fees, expenses, and costs in this action.

l.      Awarding Dell such further relief as the Court may deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Dell respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: September 25, 2020    Respectfully submitted

By: /s/ *Michael J. Newton*
Michael John Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Emily Chambers Welch (GA Bar No. 606071)
(*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree Street NE, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
emily.welch@alston.com

Lauren N. Griffin (NC Bar No. 54766)
(*pro hac vice*)
**ALSTON & BIRD LLP**
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
lauren.griffin@alston.com

*Attorneys for Defendant Dell Technologies Inc.,*
*Dell Inc., and EMC Corporation.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 25, 2020.

*/s/ Michael J. Newton*
Michael J. Newton