UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. AND<br>SABLE IP, LLC,<br><br>　　　　　*Plaintiffs,*<br><br>v.<br><br>DELL TECHNOLOGIES INC.,<br>DELL INC., AND<br>EMC CORPORATION,<br><br>　　　　　*Defendants.* | Civil Action No. 6:20-cv-00569-ADA |

**DEFENDANTS' OPPOSED MOTION FOR TRANSFER OF VENUE TO
THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

LEGAL STANDARD ............................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

    I.    THE COURT SHOULD TRANSFER THIS CASE TO THE AUSTIN DIVISION ................................................................................................................. 4

        A.  Sable could have filed this Case in Austin ....................................................... 4

        B.  The Austin Division is clearly more convenient than the Waco Division ............................................................................................................ 5

            1.  Access to sources of proof is easier in the Austin Division ...................... 6

            2.  The cost of attendance for willing witnesses is less in the Austin Division ................................................................................................... 6

            3.  Practical factors that make trial of a case easy, expeditious and inexpensive favor transfer to Austin ......................................................... 8

            4.  Local interests favor transfer to Austin ..................................................... 9

            5.  The remaining factors are neutral. ............................................................. 9

CONCLUSION ....................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
  No. 6:15- CV-00093, 2015 U.S. Dist. LEXIS 183479
  (W.D. Tex. June 29, 2015) ..................................................................................................10

*Cadle Co. v. Keyser*,
  No. 14-CV-00758, 2015 U.S. Dist. LEXIS 20909
  (W.D. Tex. Feb. 23, 2015) ....................................................................................................2

*Data Scape Ltd. v. Dell Techs., Inc.*,
  No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019) ......................2, 4, 5, 9

*DataQuill, Ltd. v. Apple Inc.*,
  No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ........................5

*Eastep v. City of Odessa*,
  No. 17-CV-00059, 2017 U.S. Dist. LEXIS 89823
  (W.D. Tex. June 12, 2017) ....................................................................................................2

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
  No. 18-CV-00660, ECF No. 28 (W.D. Tex. Jan. 29, 2019) .........................................2

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
  No. 1:20-CV-000342-ADA (W.D. Tex. Mar. 30, 2020), ECF No. 65 ..............1, 4, 5, 9

*McCloud v. McLinton Energy Grp., L.L.C.*,
  No. 14-CV-00620, 2014 U.S. Dist. LEXIS 160080
  (W.D. Tex. Nov. 14, 2014) ....................................................................................................2

*MiMedx Grp., Inc. v. Tex. Human Biologics*, *Ltd.*,
  No. 14-CV-00464, 2014 U.S. Dist. LEXIS 191022
  (W.D. Tex. Aug. 12, 2014) ............................................................................................ *passim*

*Neodron Ltd. v. Dell Techs. Inc.*,
  No. 6:19-CV-00396-ADA, ECF No. 16 (W.D. Tex. Aug. 19, 2019) ...........................2

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ........................................................................2, 3, 4, 5

*In re Volkswagen of Am. Inc.*,
  545 F.3d 304 (5th Cir. 2008) ..............................................................................3, 4, 5

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ..................................................................................... 9

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................... 1, 3

**INTRODUCTION**

This Case has no relevant connections to the Waco Division. Dell Technologies Inc., Dell Inc., and EMC Corporation ("Dell") therefore seek an intra-district transfer to the Austin Division under 28 U.S.C. § 1404(a). Counsel for the parties have conferred in good faith on the substance of this motion, and Plaintiffs Sable Networks, Inc. and Sable IP, LLC ("Sable") have indicated that they oppose this motion.

The relevant witnesses and documents in this case have no ties to the Waco Division of the Western District of Texas. Sable Networks, Inc.'s and Sable IP, LLC's principal places of business are California and Minnesota respectively. (*See*, Dkt. 1; ¶ 13, 16). Sable does not allege that it has a presence or that it does any business in the Waco Division. (*See*, Dkt. 1). Nor does Sable allege any relevant contacts in the Waco Division. (*See*, *id*.) To Dell's knowledge, there are none. Indeed, Sable filed its Complaint in Waco despite alleging that Dell maintains a physical presence in Austin and without pleading that Dell has any presence in Waco. (*See,* Dkt. 1; ¶¶ 17-19). Nor could it plead any presence in Waco, because none of the Dell entities have any relevant operations or employees in the Waco Division. Dell is headquartered in Round Rock, Texas—a city squarely within the Austin Division. Indeed, every single fact Plaintiff cites in its Complaint in support of venue in the Western District, refers to places of business in the Austin Division. (*See*, Dkt. 1; ¶ 22).

Courts in this district have often transferred cases within the Western District of Texas when a case has little or no connection to the initial forum and most events and witnesses are located elsewhere in the district. *See, e.g.*, *Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.,* No. 1:20-CV-000342-ADA, (W.D. Tex. Mar. 30, 2020), ECF No. 65;

1

*Data Scape Ltd. v. Dell Techs., Inc.*, No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019) ((citing *In re Radmax, Ltd.*, 720 F.3d 285, 288–90 (5th Cir. 2013)); *see also Neodron Ltd. v. Dell Techs. Inc.*, No. 6:19-CV-00396-ADA, ECF No. 16 (W.D. Tex. Aug. 19, 2019); *MiMedx Grp., Inc. v. Tex. Human Biologics*, *Ltd*., No. 14-CV-00464, 2014 U.S. Dist. LEXIS 191022 (W.D. Tex. Aug. 12, 2014); *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, ECF No. 28 (W.D. Tex. Jan. 29, 2019); *McCloud v. McLinton Energy Grp., L.L.C.*, No. 14-CV-00620, 2014 U.S. Dist. LEXIS 160080 (W.D. Tex. Nov. 14, 2014); *Eastep v. City of Odessa*, No. 17-CV-00059, 2017 U.S. Dist. LEXIS 89823 (W.D. Tex. June 12, 2017); *Cadle Co. v. Keyser*, No. 14-CV-00758, 2015 U.S. Dist. LEXIS 20909 (W.D. Tex. Feb. 23, 2015).

The Austin Division—home of Dell's headquarters and principal place of business—is a more convenient forum for this case than Waco, to which neither Dell nor Sable have any relevant connection. Therefore, Dell respectfully asks this Court to transfer this Case to Austin for the convenience of the parties and witnesses.

## STATEMENT OF FACTS

Sable filed its complaint on June 26, 2020, alleging that Dell infringes four of its patents, including United States Patent Nos. 6,977,932; 7,428,209; 7,630,358; and 8,243,593 (the "Asserted Patents"). (Dkt. 1). Sable filed its complaint in Waco, alleging that venue is proper in the Western District of Texas because Dell has its principal place of business in the Austin Division. (*See*, Dkt. 1; ¶ 22).

Dell has no relevant facilities in Waco and is unaware of any relevant employees in the Waco area. (Crantz Dec. ¶ 8). Rather, Dell employs more than 14,000 employees in Round Rock and Austin. (Crantz Dec. ¶ 5). These employees work on different teams,

including several related to the accused products. (Crantz Dec. ¶¶ 6–7). Aside from employees located in the Austin Division, Dell identified additional employees with knowledge of the accused products who are located in California and outside the United States including Chennai, India. (Crantz Dec. ¶ 7).

Like Dell, Sable also has no relevant connection to the Waco Division. (*See*, Dkt. 1). Sable alleges that its principal place of business for the two entities listed on the Complaint are California and Minnesota. (*See* Dkt. 1; ¶¶ 13, 16). The complaint does not allege that Sable conducts any business or has any connections to the Waco Division or that any relevant acts occurred there. (*See* Dkt. 1).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Fifth Circuit held in *Radmax*, the § 1404(a) analysis applies not only when a defendant seeks transfer to another judicial district, but also when a defendant seeks transfer to another division within the same district. 720 F.3d at 288.

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh the relative convenience of the venue based on: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing

3

from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax*, 720 F.3d at 288 (citing *Volkswagen*, 545 F.3d at 315).

In *Radmax*, the Fifth Circuit ordered an intra-district transfer because the "facts and circumstances of [the] case [were] wholly grounded in the transferee forum" and the "case [had] no connection to the [transferor forum]" after it found that three factors supported the transfer and the remaining five factors were neutral. *Id.* at 290. Similarly, in *Amazon* and *Data Scape*, this Court ordered intra-district transfer from Waco to Austin when access to sources of proof was easier in Austin, no employees of the defendant were in the Waco division, and other factors either favored transfer or were neutral. No. 1:20-CV-000342-ADA, (W.D. Tex. Mar. 30, 2020), ECF No. 65, slip op. at 10-11; No. 19-CV-00129-ADA, (W.D. Tex. June 7, 2019), ECF No. 44, slip op. at 3-6.

## ARGUMENT

### I.  The Court Should Transfer this Case to the Austin Division

The Court should transfer this case to the Austin Division because Sable could have originally filed its Complaint in Austin, and Austin is the only proper and most convenient division in the Western District of Texas.

#### A.  Sable could have filed this Case in Austin

As an initial consideration, Courts look to whether the case could have been filed in the division a party seeks transfer to. *Volkswagen*, 545 F.3d at 312. Indeed, it is indisputable that Sable could have filed this action in the Austin Division. This is indisputable because Dell has its principal place of business in the Austin Division and

4

nearly every fact in the Complaint supports venue in the Austin Division. *See MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *1.

### B.     The Austin Division is clearly more convenient than the Waco Division

Because Sable could have brought its Complaint in the Austin Division, the analysis proceeds to the relevant convenience of the Austin Division. Of the eight factors, four favor transfer and four are neutral. No factors support remaining in Waco. Austin is "clearly" the more convenient venue. "[T]he movant need not show the [factors] *substantially* outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *2 (W.D. Tex. June 13, 2014) (emphasis in original, citing *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008)).

Neither Dell nor Sable has any connection to the Waco Division. Any of the relevant sources or proof that lie in the Western District of Texas, lie in the Austin Division. (Crantz Dec. ¶¶ 5–8). Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical problems, and Austin's local interest in the case all strongly favor transfer. The remaining four factors are neutral. Thus, the Court should transfer. *See Radmax*, 720 F.3d at 290 (compelling intra-district transfer where three factors supported transfer and five were neutral); *Amazon*, No. 1:20-CV-000342-ADA, (W.D. Tex. Mar. 30, 2020), ECF No. 65, slip op. 10-11 (same); *Data Scape*, No. 19-CV-000129-ADA, (W.D. Tex. June 7, 2019), ECF No. 44, slip op. 3-6 (same).

### 1. Access to sources of proof is easier in the Austin Division

The first factor, access to sources of proof, favors transfer to the Austin Division. Neither Dell nor Sable have relevant operations in the Waco Division. As such, there are no relevant sources of proof in the Waco Division.

Relevant evidence and witnesses from Dell can be found in the Austin Division with additional relevant employees in San Jose, California and Chennai, India. (Crantz Dec. ¶¶ 6–7). Dell has identified at least four employees located in the Austin Division who have responsibilities relating to the accused products, and relevant technical documents from those employees are located with them, in the Austin Division. (Crantz Dec. ¶ 6). Courts have recognized that in "patent infringement cases, 'the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weigh[s] in favor of transfer to that location." *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *5 (quoting *In re Nintendo Co.,* 589 F.3d 1194, 1199 (Fed. Cir. 2009)).

In sum, the Austin Division is the place where Dell has a predominant presence in this District. The parties know of no evidence or witnesses within Waco.

### 2. The cost of attendance for willing witnesses is less in the Austin Division

The third convenience factor considers "the cost of attendance for willing witnesses." *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *2. It likewise favors transfer.

Dell is a Round Rock based company and is aware of no relevant witnesses in Waco. (Crantz Dec. ¶ 8). Requiring Austin-based witnesses to travel over ninety (90) miles each way to Waco for hearings or trials would place an unnecessary burden on the witnesses that can be avoided if the case were in Austin. For example, the witness order

and testimony schedule at trial can be unpredictable, because of this, witnesses may need to be on-call while waiting to testify. If the Court holds trial in Austin, these on-call witnesses can keep working at their regular office or homes while they wait. They would not have the same opportunity in Waco.

Relevant Dell witnesses also reside outside of the Western District of Texas, including San Jose, California and Chennai, India. (Crantz Dec. ¶ 7). For the witnesses residing both in San Jose and Chennai, travel to Austin would impose less costs and be less disruptive than Waco for at least three reasons. First, direct flights from San Jose are available to Austin, but not Waco. (Griffin Dec. Exs. 1, 2). Second, flights are cheaper from both San Jose and Chennai to Austin than flights from San Jose and Chennai to Waco. (Griffin Dec. Exs. 1–4). Third, witnesses could work in Dell's Austin or Round Rock offices while waiting to testify if trial were in Austin.

To the extent trial in Austin would inconvenience Sable witnesses more than trial in Waco, the Court should discount that inconvenience for three reasons. First, as this Court has observed, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *5 (quoting *Nintendo*, 589 F.3d at 1199). Thus, although the parties cannot determine the identity and exact number of witnesses likely to testify at trial at this early stage of the case, it is reasonable to assume that the number of witnesses will be greater for Dell than for Sable. In sum, a transfer to Austin will decrease the collective overall cost and inconvenience to the parties.

Second, Sable caused its own inconvenience by filing in Texas, rather than California or Minnesota. If convenience to its witnesses were paramount, Sable could

have filed this suit close to home. By filing in Waco, Sable has shown that access to the judicial resources in this Division outweighed any resulting inconvenience to its witnesses. With this choice made, Sable cannot complain that an intra-district transfer to Austin would increase inconvenience, particularly where the requested transfer would curtail the inconvenience for Dell. Furthermore, travel to Austin is likely easier and cheaper for Sable's witnesses as well, given the greater number of flights available from major airports across the United States.

Lastly, and as briefly mentioned above, flights from both San Jose and Chennai are of less total travel time and cost to Austin. (Exs. 1–4). Indeed, flights from San Jose to Austin are nearly one-hundred dollars ($100) cheaper and reduce total travel time by at least an hour each way. (Exs. 1, 2). Flights are similarly cheaper and shorter from Chennai to Austin. (Exs. 3, 4). The savings of time and expense for both parties strongly favor transfer to Austin.

In sum, the third factor favors transfer to the Austin Division.

### 3. Practical factors that make trial of a case easy, expeditious and inexpensive favor transfer to Austin

The fourth factor—practical factors that make trial of a case easy, expeditious and inexpensive—favors transfer to Austin. This factor particularly favors transfer when the case is in its earliest stages. *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *2. Here, this case is still at its earliest stages. Fact discovery will not open until January.

Sable's co-pending actions against Cisco Systems, Inc., Juniper Networks, Inc., and Nokia Corporation in the Waco Division (see Case Nos. 6:20-cv-00288; 6:20-cv-00524; and 6:20-cv-00808) cannot justify denying transfer. That Sable sued another defendant in the same forum does not "negate[] the significance of having trial close to

8

where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). This Court has found "little if any risk of judicial waste or inefficiency" associated with transferring a case with three other actions in the same court that shared some of the same asserted patents. *Data Scape*, No. 19-CV-00129-ADA, (W.D. Tex. June 7, 2019), ECF No. 44, slip op. at 5. Accordingly, the Court should find this factor also favors transfer to Austin.

### 4. Local interests favor transfer to Austin

The sixth factor, local interest in having localized interests decided at home, also favors transfer to Austin. Austin has a considerable interest in deciding this case, while Waco has none. Dell operates facilities, and employs more than 14,000 people, in the Austin Division. (Crantz Dec. ¶ 5). Austin has more interest and connection to the outcome of this litigation than Waco, where no party has a presence. *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *7 ("Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests."); *Amazon*, No. 1:20-CV-000342-ADA, (W.D. Tex. Mar. 30, 2020), ECF No. 65, slip op. at 9-10; *Data Scape*, No. 19-CV-00129-ADA, (W.D. Tex. June 7, 2019), ECF No. 44, slip op. at 5-6.

In sum, the Court should determine this factor also favors transfer to Austin.

### 5. The remaining factors are neutral.

The remaining factors are neutral. Dell is unaware of any third-party witnesses unwilling to attend trial. "However, courts, including courts within this district, have found this factor to be neutral 'where the parties have not alleged that non-party

9

witnesses are unwilling to testify.'" *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, No. 6:15-CV-00093, 2015 U.S. Dist. LEXIS 183479, at *7 (W.D. Tex. June 29, 2015).

Because the parties do not seek reassignment to another judge, there is no dispute that both divisions equally are familiar with the patent laws, are subject to the same local rules, and apply Fifth Circuit law. Therefore, these factors are also neutral.

## CONCLUSION

Defendant Dell respectfully requests this Court transfer this case to Austin as it has no ties to Waco and all private and public factors either favor transfer or are neutral.

Dated: October 8, 2020    Respectfully submitted

By: /s/ *Michael J. Newton*
Michael John Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Fax:    (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Emily Chambers Welch (GA Bar No. 606071)
(*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree Street NE, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
emily.welch@alston.com

Lauren N. Griffin (NC Bar No. 54766)
(*pro hac vice*)
**ALSTON & BIRD LLP**
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
lauren.griffin@alston.com

*Attorneys for Defendants Dell Technologies*

*Inc., Dell Inc., and EMC Corporation.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 8, 2020.

Dated: October 8, 2020

*/s/ Michael J. Newton*
Michael J. Newton