IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SABLE NETWORKS, INC. AND SABLE IP, LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,**<br><br>*Defendants.* | Civil Action No. 6:20-cv-00569-ADA |

**PLAINTIFFS SABLE NETWORKS, INC. AND SABLE IP, LLC'S
ANSWER TO THE COUNTERCLAIMS OF DEFENDANTS
DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION**

Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable"), by and through its undersigned counsel, hereby submits its Answer to the Counterclaims of Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Dell"), in numbered paragraph order corresponding to the numbered paragraphs of Dell's counterclaims against Sable ("the Counterclaims").

**NATURE AND BASIS OF ACTION**

1. Sable admits that Dell has brought counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 1, *et seq.* Sable admits that Dell requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent Nos. 6,977,932 (the "'932 patent"), 7,428,209 (the "'209 patent"), 7,630,358 (the "'358 patent"), and 8,243,593 (the "'593 patent") (collectively, the "Asserted Patents"), and (ii) the claims of the Asserted Patents are invalid. Sable denies that Dell is entitled to any relief under its counterclaims.

## THE PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Sable admits that this Court has jurisdiction over the subject matter of this action and jurisdiction over Dell's Counterclaims.  Sable denies that Dell is entitled to any relief relating to its defenses and denials.

8. Sable admits that personal jurisdiction and venue are proper in this District.  Sable denies that Dell is entitled to any relief relating to its defenses and denials, and Sable denies that Dell is entitled to any relief relating to any request to seek transfer of venue under 28 U.S.C. § 1404(a).

## FACTUAL ALLEGATIONS

9. Admitted.

10. Denied.

11. Denied.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

12. Sable incorporates its responses to paragraphs 1-11 as if fully set forth herein.

13. Denied.

14. Admitted.

15. Denied.

16. Admitted that Dell seeks a declaration by the Court that Dell has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.  Sable denies that Dell is entitled to any such declaration.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

17. Sable incorporates its responses to paragraphs 1-16 as if fully set forth herein.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted that Dell seeks a declaration by the Court that the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1, *et seq.* Sable denies that Dell is entitled to any such declaration.

## GENERAL DENIAL

Sable denies that Dell is entitled to judgment, or any such other relief, from the Court or from Sable. By way of further answer, Sable denies all other allegations contained in the Counterclaims that are not otherwise expressly admitted herein.

## DEMAND FOR JURY TRIAL

Sable demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sable respectfully prays that this Court will:

A. Dismiss Dell's counterclaims against Sable with prejudice;

B. Hold that Dell is not entitled to any relief, whether in law, equity, or otherwise, on its counterclaims against Sable;

C. Declare that Dell has infringed and does infringe one or more claims of U.S. Patent No. 6,977,932;

D. Declare that Dell has infringed and does infringe one or more claims of U.S. Patent No. 7,428,209;

E. Declare that Dell has infringed and does infringe one or more claims of U.S.

       Patent No. 7,630,358;

F.      Declare that Dell has infringed and does infringe one or more claims of U.S. Patent No. 8,243,593;

G.     Declare that the claims of U.S. Patent No. 6,977,932 are valid and enforceable;

H.     Declare that the claims of U.S. Patent No. 7,428,209 are valid and enforceable;

I.      Declare that the claims of U.S. Patent No. 7,630,358 are valid and enforceable;

J.      Declare that the claims of U.S. Patent No. 8,243,593 are valid and enforceable;

K.     Declare that this is an exceptional case under 35 U.S.C. § 285 entitling Sable to its reasonable attorney fees, expenses, and costs in this action;

L.      Award Sable any other relief, in law and in equity, to which the Court finds Sable is justly entitled.

Dated: October 16, 2020

Respectfully submitted,

/s/ Daniel P. Hipskind
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ederieux@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
9538 Brighton Way, Suite 320
Beverly Hills, CA 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Sable Networks, Inc. and Sable IP, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2020 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

*/s/  Daniel P. Hipskind*
Daniel P. Hipskind
