UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>*Defendants.* | Civil Action No. 6:20-cv-00569-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS SABLE NETWORKS, INC. AND SABLE IP, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER OF VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ........................................................................................................... 2

III. SABLE'S CHOICE OF VENUE IS ENTITLED TO DEFERENCE ..................................... 2

IV. INDEPENDENT OF THE PUBLIC AND PRIVATE FACTORS, DELL'S HISTORY OF FORUM SHOPPING WEIGHS AGAINST TRANSFER BASED ON THE INTERESTS OF JUSTICE. ............... 3

V. THE PRIVATE INTEREST FACTORS WEIGH AGAINST TRANSFER .......................... 5

    A. The Relative Ease Of Access To Sources of Proof Is Neutral. ............................... 5

        1. Dell Fails To Meet Its Burden Of Demonstrating The Sources Of Proof Are "Wholly" Within The Austin Division. ............................................. 5

        2. Dell's Electronic Documents Are Equally Accessible In Any District. ........... 6

    B. The Availability Of Compulsory Process Weighs Against Transfer ...................... 7

    C. The Convenience To Willing Witnesses Warrants Minimal Weight ..................... 7

    D. Other Practical Problems Weigh Heavily Against Transfer ................................... 8

VI. THE PUBLIC INTEREST FACTORS, INCLUDING THE LOCAL INTEREST FACTOR, ARE NEUTRAL ............................................................................................................................. 9

VII. SABLE AGREES WITH DELL'S REQUEST THAT THE CASE NOT BE REASSIGNED TO ANOTHER JUDGE ............................................................................................................. 11

VIII. CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*Alacritech Inc. v. CenturyLink, Inc.*,
    2017 U.S. Dist. LEXIS 152438 (E.D. Tex. Sept. 19, 2017) .............................................. 7

*Chrimar Sys., Inc. v. Dell, Inc.*,
    No. 6:15-cv-639-JRG-JDL, Dkt. 48 (E.D. Tex. Feb. 27, 2016) ...................................... 10

*Data Scape Ltd. v. Dell Techs., Inc., et al.*,
    No. 19-CV-00129-ADA, Dkt. 44 (W.D. Tex. June 7, 2019) ............................................ 9

*eRoad Ltd. v. PerDiemCo, LLC*,
    2019 U.S. Dist. LEXIS 233383 (W.D. Tex. Sept. 19, 2019) ............................................ 3

*Fintiv, Inc. v. Apple, Inc.*,
    2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sept. 13, 2019) ............................................ 7

*Hammond Dev. Int'l, Inc. v. Google LLC*,
    2020 U.S. Dist. LEXIS 110984 (W.D. Tex. June 24, 2020) ............................................ 2

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ....................................................................................... 3, 5

*In re Vistaprint Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010) ....................................................................................... 8

*In re Volkswagen AG ("Volkswagen I")*,
    371 F.3d 201 (5th Cir. 2004) ........................................................................................... 9

*In re Volkswagen of Am., Inc. ("Volkswagen II")*,
    545 F.3d 304 (5th Cir. 2008) ............................................................................... 1, 2, 3, 7

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ....................................................................................... 9

*MV3 Partners LLC v. Roku, Inc.*,
    No. 6:18-cv-00308-ADA, Dkt. No. 74 (W.D. Tex. June 25, 2019) .................................. 7

*Nexus Display Technologies LLC v. Dell, Inc.*,
    No. 2:14-cv-762-RWS, Dkt. 181 (E.D. Tex. Aug. 25, 2015) ........................................... 4

*Polaris Innovations Limited v. Dell, Inc., et al.*,
    No. SA-16-CV-451-XR, Dkt. 53 (W.D. Tex. Dec. 5, 2016) ............................................ 4

*Round Rock Research, LLC, v. Dell, Inc.*,
    No. 11-CV-976-RGA, Dkt. No. 107 (D. Del. Nov. 15, 2012) ...................................... 4, 5

*Stingray Music USA, Inc. v. Music Choice*,
    2017 U.S. Dist. LEXIS 37652 (E.D. Tex. Mar. 16, 2017).......................................... 3, 4, 5

*Uniloc 2017 LLC v. Apple Inc.*,
    2020 U.S. Dist. LEXIS 109037 (W.D. Tex. June 19, 2020).............................................. 6

*Uniloc USA, Inc. v. Chief Architect, Inc.*,
    2016 U.S. Dist. LEXIS 191196 (E.D. Tex. Dec. 2, 2016)................................................. 8

*Vasquez v. El Paso II Enterprises, LLC*,
    912 F. Supp. 2d 445 (W.D. Tex. 2012)............................................................................ 3

*Voxer, Inc. v. Facebook, Inc.*,
    2020 U.S. Dist. LEXIS 109038 (W.D. Tex. June 22, 2020).............................................. 8

**STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................... 4

28 U.S.C. § 1400(b) ................................................................................................................... 3

**I.   INTRODUCTION**

Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Plaintiffs" or "Sable") respectfully submit this opposition to Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation's (collectively, "Dell") Motion to Transfer Venue to the Austin Division of the Western District of Texas. Dkt. 32 ("Mtn."). Dell fails to satisfy its heavy burden of establishing that the Austin Division is a ***clearly more convenient*** venue than the Waco Division.

Dell has a long history of actively seeking to litigate patent disputes before courts all around the country, including repeatedly seeking to leave Texas courts, including a court in this District, to litigate in Northern California. Despite its willingness to litigate far from home on several occasions, Dell now seeks to disturb Plaintiffs' chosen venue so that it can litigate even closer to its headquarters than this Court, which is only 80 miles from its global headquarters.

Dell does not deny that venue is proper in this Court. Instead, it argues that traveling through a single county of Texas to get from its headquarters in Round Rock to this Court is an inconvenience *to Dell*, and for that reason alone the Court and Sable should accommodate Dell and move this case to the Austin Division. Dell is not subtle about its motivation. Dell seeks to move this case less than 100 miles away so that it can move to a Division where it "employs more than 14,000 people" (Mtn. at 9)—*i.e.*, a Division where it believes it will find a favorable jury pool.

An analysis of the *Volkswagen II* factors shows that all factors other than the convenience to Dell's own willing witnesses[1] are either neutral or weigh strongly against transfer. This is unsurprising given that Sable did not look far from Dell's home turf to file this suit. The sources of proof relevant to this case are spread across the country. Even Dell's sources of proof are located in California and India, in addition to Round Rock and Austin. Dell's analysis ignores the fact that transferring this case to Austin would significantly limit the Court's subpoena power by removing more than 120 Dallas-area employees from the Court's subpoena power. Dell further

---

[1] This factor warrants minimal weight given the de minimis increase in convenience by moving the case less than 100 miles

ignores the fact that transferring the case to Austin would undo the consolidation of this case with the *Sable v. Juniper* case for through *Markman* proceedings that Dell requested and received from the Court.

Despite Dell's long history of seeking to litigate patent disputes all across the United States, Dell premises its Motion on the notion that litigating this case 80 miles from its corporate headquarters is inconvenient. Dell is wrong to suggest that saving its witnesses as little as 45 minutes in commuting time somehow satisfies its "heavy burden" of unsettling Plaintiffs' chosen venue and establishing that the Austin Division is "clearly more convenient" than Waco. Dell's Motion should be denied.

## II.   LEGAL STANDARD

To succeed on a motion to transfer for convenience, the movant carries a "heavy burden." *Hammond Dev. Int'l, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 110984, at *16 (W.D. Tex. June 24, 2020) (Albright, J.) (citations omitted). "'[W]hen the transferee venue is not **clearly more convenient** than the venue chosen by the plaintiff, the plaintiff's choice should be respected.'" *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*")) (emphasis added). The determination as to whether the proposed transferee venue is clearly more convenient "'turns on a number of public and private interest factors."[2]

> The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . .   The public factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws with the application of foreign law.

*Hammond*, 2020 U.S. Dist. LEXIS 110984, at *4-5 (quotations and citations omitted). In conducting this multi-factored analysis, "[c]ourts may 'consider undisputed facts outside the pleadings, but [] must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party.'" *Id.* at *5 (citation omitted).

## III.   SABLE'S CHOICE OF VENUE IS ENTITLED TO DEFERENCE

---

[2] Plaintiffs do not contest that this case could have been brought in the Austin Division.

"A plaintiff's selection of venue is entitled to deference." *eRoad Ltd. v. PerDiemCo, LLC*, 2019 U.S. Dist. LEXIS 233383, at *11 (W.D. Tex. Sept. 19, 2019) (Albright, J.) (citing *Vasquez v. El Paso II Enterprises, LLC*, 912 F. Supp. 2d 445, 447 (W.D. Tex. 2012), *Volkswagen II*, 545 F.3d at 315). "[W]hen the transferee venue is not *clearly more convenient* than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315. When considering intra-District transfers, "greater deference [is] available to the Court." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (quoting *Volkswagen II*, 545 F.3d at 315). "The deference referred to is respect for 'the plaintiffs' choice of venue.'" *Id.*

Dell does not contest that this District is a proper venue under 28 U.S.C. § 1400(b). Having chosen a clearly proper venue, Sable's decision to not file the Division in which Dell proudly acknowledges that it "employs over 14,000 people" is rational. Dkt. 32-2 (Crantz Decl.), ¶ 5. Sable did not select some far-flung Division such as El Paso; it selected the neighboring Division one county removed from Dell's Round Rock, Texas headquarters. Dell's headquarters are located approximately 80 miles from this Court and a transfer to the Austin Division would save Dell's witnesses as little as 45 minutes of commute time. Hipskind Decl., ¶¶ 2-4. This de minimis change in distance cannot satisfy Dell's "heavy burden" of establishing that the Austin Division is clearly more convenient than the Waco Division, and this de minimis distance should not overcome the deference to Sable's legitimate choice of venue within an admittedly proper District.

**IV.   INDEPENDENT OF THE PUBLIC AND PRIVATE FACTORS, DELL'S HISTORY OF FORUM SHOPPING WEIGHS AGAINST TRANSFER BASED ON THE INTERESTS OF JUSTICE.**

Dell's history of forum shopping, including filing patent cases on the other side of the country and requesting the transfer of patent cases to courts far from the Austin Division weighs against transfer and may be considered independently of the private and public *Volkswagen* factors. The *Volkswagen* "factors do not carry equal weight" and they "are not exclusive." *Stingray Music USA, Inc. v. Music Choice*, 2017 U.S. Dist. LEXIS 37652, at *7 (E.D. Tex. Mar. 16, 2017) (citing *Volkswagen II*, 545 F.3d at 315). "The Court may consider facts that do not expressly relate to the factors but are 'in the interests of justice.'" *Id.* (quoting 28 U.S.C. §

1404(a)).

Defendants have repeatedly asserted its patents against third parties in venues far from Austin and has routinely *requested* to transfer patent litigation *from* Texas courts, including a court in this District, to Northern California. Dell cannot now be heard to argue that litigating in this Division is inconvenient. *See Stingray Music*, 2017 U.S. Dist. LEXIS 37652, at *7. Dell's choices as to where to litigate are not motivated by convenience; they are strategically motivated to pursue the venue Dell believes is most favorable to it in the moment.

Dell has shown a willingness to both assert its own patents as well as defend patents in courts across the United States. For example, Defendant EMC Corporation has asserted its own patents against others at least twice in the District of Delaware. *See* Ex.[3] 1, 2. However, when Dell was sued for patent infringement in the District of Delaware, it moved to transfer the case. Ex. 3. Dell did not request to move the case to Austin; rather, it sought to move the case across the country from Delaware to Northern California. *Id.* In denying that transfer motion, the *Round Rock Research* court noted that "[Dell's] preference is the Northern District of California. It is not the Defendant's home turf." *Round Rock Research, LLC, v. Dell, Inc.*, No. 11-CV-976-RGA, Dkt. No. 107 at 4 (Ex. 4) (D. Del. Nov. 15, 2012).

The *Round Rock Research* case is hardly an outlier. Dell has repeatedly sought to litigate cases in Northern California rather than Austin. In fact, Dell repeatedly seeks litigate in California ***instead of*** Texas. In *Polaris Innovations Limited v. Dell, Inc., et al.*, No. SA-16-CV-451-XR, Dkt. 53 (W.D. Tex. Dec. 5, 2016), Dell successfully secured an Order transferring a patent case from the San Antonio Division of this District to the Northern District of California. Ex. 5. Dell also routinely seeks to transfer cases from the neighboring Eastern District of Texas to the Northern District of California. *See, e.g.*, Exs. 6-8. In one case, Dell was less picky about where in California it wanted to transfer the case, as long as it was not in the Eastern District of Texas. In

---

[3] Citations to "Ex. __" are citations to the exhibits to the Declaration of Daniel P. Hipskind in support of Plaintiffs' Opposition to Defendants' Motion to Transfer to the Western District of Texas Austin Division, submitted herewith.

*Nexus Display Technologies LLC v. Dell, Inc.*, No. 2:14-cv-762-RWS, Dkt. 181 (Ex. 9) (E.D. Tex. Aug. 25, 2015), "Dell filed its motion requesting transfer to the Northern District of Texas. . . . In its reply brief . . . Dell instead argue[d] that the Central District of California is a more appropriate venue than the Northern District of California." Ex. 9 at 1. While Dell waffled on which California district it preferred, it made clear that "either district is more convenient than the Eastern District of Texas." *Id.*

Highlighting Dell's flexibility as to where it finds defending against claims of patent infringement, one of the Dell defendants here—EMC Corporation—once filed two separate declaratory judgment actions two weeks apart on opposite ends of the country. In 2012, EMC filed a declaratory judgment action against Bright Response, LLC in the Northern District of California. Ex. 10. Two weeks later, it filed a declaratory judgment action against Parallel Iron, LLC in the District of Massachusetts. Ex. 11.

Dell is clearly capable and willing to litigate patent disputes (both offensively and defensively) in courts across the United States. As the *Round Rock Research* court stated, Dell "is a substantial corporation and can litigate anywhere." Ex. 4 at 4. Dell provides no compelling reason why this Court, which is just 80 miles from Dell's headquarters and less than 100 miles away from the Austin Division courthouse is so inconvenient as to satisfy Dell's heavy burden of proving that transfer is "clearly more convenient." Dell's amenability to litigating patent disputes all across the country while hypocritically claiming inconvenience to litigating before this Court relates to the "interests of justice" factor and weighs heavily against transfer here. *Stingray Music*, 2017 U.S. Dist. LEXIS 37652, at *7.

## V.     THE PRIVATE INTEREST FACTORS WEIGH AGAINST TRANSFER

### A.     The Relative Ease Of Access To Sources of Proof Is Neutral.

#### 1.     Dell Fails To Meet Its Burden Of Demonstrating The Sources Of Proof Are "Wholly" Within The Austin Division.

Dell correctly argues that the Fifth Circuit has held intra-district transfers can be necessary. Mtn. at 4 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013). However, in *Radmax*, the Fifth Circuit held that an intra-District transfer was warranted where "all of the documents and

physical evidence are located in the [transferee] Division" and "[t]he facts and circumstances of [the] case are *wholly* grounded in the transferee forum." *Id.* at 288, 290 (emphasis added). Here, there are significant sources of proof outside both this Division as well as the Austin Division.

As Dell acknowledges, the Plaintiffs are located in California and Minnesota. Mtn. at 3. Plaintiffs further intend to rely on the expert testimony of Dr. Eugene Ng, Professor of Computer Science at Rice University, relating to infringement and validity issues. Hipskind Decl., ¶ 17, Ex. 12. Dr. Ng is located in Houston, Texas. Ex. 12 at 1.

Dell acknowledges that significant sources of proof directly related to Dell are not located within the Austin Division. Dell identifies "relevant employees in San Jose, California and Chennai, India." Mtn. at 6. Despite "employ[ing] more than 14,000 people in the Austin Division" (Mtn. at 9), the only declaratory testimony offered by Dell in support of its transfer motion is from an employee residing in Hopkinton, Massachusetts (Hipskind Decl., ¶ 18 (Ms. Crantz works and resides in Hopkinton, MA)) and an attorney from its outside counsel who works in Charlotte, North Carolina. *See* Dkt. 32-3 (Griffin Decl.); Ex. 13. Given that Defendant EMC Corporation is headquartered in Hopkinton, Massachusetts (Ex. 14), it is likely that significant sources of proof beyond just Ms. Crantz are located in Massachusetts.

        2.      Dell's Electronic Documents Are Equally Accessible In Any District.

Dell does not satisfy its burden of establishing the location of any relevant documents. Dell argues in its Motion that "relevant technical documents" are located in the Austin Division. Mtn. at 6 (citing to Crantz Decl. (Dkt. 32-2), ¶ 6). However, Ms. Crantz's declaration only states the location of Dell employees in the Austin Division "hav[ing] technical responsibilities relating to the Accused Products." Dkt. 32-2, ¶ 6. Dell does not establish where any documents relevant to this case are stored. Given Dell's size and presence across the country, it is likely that wherever Dell's documents are located, they are also available electronically. Therefore, even if Dell had established that the bulk of the relevant documents were located in the Austin Division (it has not), this fact deserves only minimal weight in the analysis. *See Uniloc 2017 LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 109037, at *29 (W.D. Tex. June 19, 2020) ("[T]here is no difference in the

relative ease of access to sources of proof from the transferor district as compared to the transferee district since the documents are easily accessible electronically.") (citing *Fintiv, Inc. v. Apple, Inc.*, 2019 U.S. Dist. LEXIS 171102, at *12 (W.D. Tex. Sept. 13, 2019)); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 74, slip op. (Ex. 11) at 3-4 (W.D. Tex. June 25, 2019) ("The Court will not ignore the realities of today 'in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.'").

The record shows that the sources of proof are spread throughout the United States, as well as in India. Dell has not established that this case is "wholly grounded" in the Austin Division. This factor is neutral.

### B.     The Availability Of Compulsory Process Weighs Against Transfer

Dell ignores the availability of compulsory process in its transfer analysis. This factor weighs against transfer based on the potential witnesses residing in and around Dallas, Texas. A search of LinkedIn alone identifies more than 120 Dell employees who reside in the Dallas/Fort Worth Area. Hipskind Decl., ¶ 21.

This Court is within 100 miles of Dallas, Dell's headquarters in Round Rock, as well as much of Austin. Hipskind Decl., ¶¶ 5, 22. If this case is transferred to the Austin Division, the significant number of Dallas-area Dell employees will no longer be within the subpoena power of the Court. "[A] proper venue" is one "that does enjoy *absolute* subpoena power for both depositions and trial." *Volkswagen II*, 545 F.3d at 316. This factor weighs against transfer.

### C.     The Convenience To Willing Witnesses Warrants Minimal Weight

In considering this factor, "[t]he Court should consider all potential material and relevant witnesses." *Fintiv*, 2019 U.S. Dist. LEXIS 171102, at *17 (citing *Alacritech Inc. v. CenturyLink, Inc.*, 2017 U.S. Dist. LEXIS 152438 (E.D. Tex. Sept. 19, 2017)). This factor is neutral.

Here, Dell only claims that party witnesses would be inconvenience if the case were tried in Waco, and does not identify a single non-party witness. Mtn. at 6-8. Further, with respect to its own party witnesses, the commute time for its employees located at its headquarters in Round Rock will be lessened by as little as 42 minutes. Hipskind Decl., ¶¶ 3-4. Further, Dell has

identified multiple witnesses located in Santa Clara, California and Chennai, India. Dkt. 32-2 (Crantz Decl.), ¶ 7. Dell only argues that it would be more convenient for these witnesses because it could reduce travel time by "at least an hour" and that flights between San Jose are "nearly one-hundred dollars ($100) cheaper." Mtn. at 8. While Sable acknowledges that a transfer to the Austin Division would increase convenience *for Dell*, the increase in convenience is minimal. Accordingly, this factor should not weigh heavily in the analysis.

### D. Other Practical Problems Weigh Heavily Against Transfer

"Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weights heavily in the Court's transfer analysis." *Uniloc USA, Inc. v. Chief Architect, Inc.*, 2016 U.S. Dist. LEXIS 191196, at *16-17 (E.D. Tex. Dec. 2, 2016) (citations omitted). "[C]o-pending litigation before the court involving the same patent and underlying technology provides a substantial justification for maintaining the suit in the transferor venue." *Id.* at *15 (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010)). "This factor is important in cases where . . . 'there is co-pending litigation before the trial court involving the same patent and underlying technology.'" *Voxer, Inc. v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 109038, at *17 (W.D. Tex. June 22, 2020) (quoting *In re Vistaprint*, 628 F.3d at 1346). Here, three co-pending cases collectively involve each of the four patents-in-suit in this case.

Here, the instant action is one of four co-pending, parallel patent suits in which Plaintiffs are asserting the patents-in-suit.[4] Due to the differences in specific product functionalities, not each of the four patents-in-suit in this case are asserted in each of the co-pending cases. However, each of the four patents-in-suit here are at issue in one or more of the co-pending cases. *See* Hipskind Decl., ¶ 23 (table showing which patents are asserted in each case). Relying on this overlap of patent issues, Dell requested a consolidated *Markman* proceeding between this case and the *Juniper* case (No. 6:20-cv-00524-ADA) during the initial Case Management Conference.

---

[4] *See Sable Networks, Inc., et al. v. Cisco Systems, Inc.*, No. 6:20-cv-00288-ADA (W.D. Tex.); *Sable Networks, Inc., et al. v. Juniper Networks, Inc.*, No. 6:20-cv-00524-ADA (W.D. Tex.); and *Sable Networks, Inc., et al. v. Nokia Corp., et al.*, No. 6:20-cv-00808-ADA (W.D. Tex.).

Based upon Dell's request, the Court held a further Case Management Conference (*see* Dkts. 28, 29) and granted Dell's request over Sable's objection.  *See* Dkt. 30; *Juniper*, No. 6:20-cv-00524-ADA, Dkt. 40 (both Orders setting a consolidated *Markman* on April 2, 2021 in Waco before this Court).  Dell's request for a transfer to the Austin Division now undermines the efficiency of the consolidated *Markman* proceeding it recently pursued and obtained.

Dell acknowledges the co-pending cases pending before this Court; however, it argues that "[t]his Court has found 'little if any risk of judicial waste or inefficiency' associated with transferring a case with three other actions in the same court that shared some of the same asserted patents." Mtn. at 9 (quoting *Data Scape Ltd. v. Dell Techs., Inc., et al.*, No. 19-CV-00129-ADA, Dkt. 44, slip op. at 5 (W.D. Tex. June 7, 2019)).  Dell omits the context of the preceding sentence in the *Data Scape* Order where the Court assuaged Data Scape's concern that "requir[ing] another court to address overlapping issues . . . would create a risk of inconsistent rulings." *Data Scape*, No. 19-CV-00129-ADA, Dkt. 44 at 5.  Dell also cites *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) to suggest that the co-pending cases before this Court do not weigh against transfer.  Mtn. at 8-9.  *Zimmer*, however, held that a co-pending suit with a "limited relationship" to the case at issue did not warrant transfer "whether the other convenience factors *clearly* favor" transfer.  609 F.3d at 1382.  Here, there is significant overlap of between the co-pending cases and this case.  Hipskind Decl., ¶ 23.  So much so that Dell sought and obtained a consolidated *Markman* proceeding with the *Juniper* case.  Less than two weeks after arguing for this consolidation, Dell filed the instant Motion seeking to transfer this case to a different Division.  The judicial inefficiency Dell seeks to now inject after recently requesting consolidation of *Markman* proceedings with the *Juniper* case weighs against transfer.

## VI.    THE PUBLIC INTEREST FACTORS, INCLUDING THE LOCAL INTEREST FACTOR, ARE NEUTRAL

The local interest factor involves "the factual connection with the events of [the] case." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 206 (5th Cir. 2004).  Thus, the local interests implicated in this case involve those of Minnesota (Sable IP), California (Sable Networks and

Dell), Massachusetts (EMC Corporation and Dell declarant Ms. Crantz), and Texas (Dell).

Dell has repeatedly touted its connections to venues far from Austin in analyzing the local interest factor of the transfer analysis. *See, e.g., Realtime Data LLC v. Dell Inc.*, No. 6:18-cv-385-RWS-JDL, Dkt. 50 (Transfer Motion) (Ex. 8) at 13 (E.D. Tex. July 28, 2016) (arguing that "Northern California has a strong local interest in [the] litigation" because of EMC's offices in the region); *Round Rock Research, LLC v. Dell Inc.*, No. 1:11-cv-976-RGA, Dkt. 35 (Transfer Motion) (Ex. 3) at 13 (D. Del. April 5, 2012) (arguing that the local interest supported transfer to N.D. Cal because the presence of "Dell engineers with responsibility for at least some of the accused products").

With respect to Dell's connections to Texas, Dell's connections with the State of Texas run far and wide – Dell has office locations in Austin, El Paso, Houston, Richardson, Round Rock, and San Antonio. Ex. 16. In analyzing Dell's local interest, previous courts have considered Dell's connections to the State of Texas in broader terms than looking at the location of any one facility. *See, e.g., Chrimar Sys., Inc. v. Dell, Inc.*, No. 6:15-cv-639-JRG-JDL, Dkt. 48 (Ex. 7), slip op. at 15 (E.D. Tex. Feb. 27, 2016) ("Moreover, Dell identified individuals with knowledge who are located in Texas."); *Nexus Display Technologies LLC v. Dell, Inc.*, No. 2:14-cv-762-RWS, Dkt. 181 (Ex. 9), slip op. at 11 (E.D. Tex. Aug. 25, 2015) (relying in part on Dell's "headquarters in Round Rock" in holding that the Eastern District of Texas has a connection or interest in the litigation). As the record reflects, Dell is an outsized employer within the State of Texas. With just a single county (Bell County) separating the county in which Dell's headquarters is located and the county in which this Court sits, Dell's statement that Waco has ***no*** "considerable interest in deciding this case" is disingenuous.

Given the geographically diverse local interests implicated in this case and Dell's significant connections throughout the State of Texas, the local interest factor is neutral, or at worst does not heavily weigh in favor of any one particular venue. The final two public interest factors

in the transfer analysis are otherwise neutral.[5]

## VII. SABLE AGREES WITH DELL'S REQUEST THAT THE CASE NOT BE REASSIGNED TO ANOTHER JUDGE

In its Motion, Dell states that "the parties do not seek reassignment to another judge." Mtn. at 10. Dell attempts to spin this fact as a neutral fact in the transfer analysis. *Id.* Dell points to the same "patent laws," "local rules," and "Fifth Circuit law," (*id.*) but Dell ignores the fact that this Court consolidated the *Markman* proceedings of this case and the *Juniper* case at Dell's request and that Dell is asking the Court and Sable to travel to Austin all so that its party witnesses may save as little as 45 minutes of commute time for any hearings or trial. Adopting Dell's proposal will result in needless inefficiencies, and thus weighs against transfer.

Sable opposes Dell's Motion and respectfully suggests that Dell has failed to meet its "heavy burden" of establishing that the Austin Division is clearly more convenient. However, to the extent the Court is inclined to grant Dell's Motion, Sable respectfully requests that the Court keep this case on its current schedule and not reassign it to another judicial officer. Sable further respectfully suggests that it would be most efficient to keep this case in the Waco Division for all pre-trial purposes given the consolidated *Markman* proceedings between this case and co-pending litigation, and only transfer the case to the Austin Division for trial purposes.

## VIII. CONCLUSION

For the foregoing reasons, Dell's request to transfer this case to the Austin Division of this District should be denied.

---

[5] Because this is a federal question case involving patent law, the last two public interest factors—familiarity with the governing law and conflicts of law—are neutral.

Dated:  October 22, 2020

Respectfully submitted,

/s/  Daniel P. Hipskind
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email:  ederieux@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
9538 Brighton Way, Suite 320
Beverly Hills, CA 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Sable Networks, Inc. and Sable IP, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October, 2020 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ Daniel P. Hipskind