# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, <br><br> *Defendants.* | Civil Action No. 6:20-cv-00569-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR TRANSFER OF VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

    I.    DIFFERENT CASES ARE BEST SERVED BY DIFFERENT VENUES ......... 1

        A.  Sable Mischaracterizes Dell's Transfer Requests as a Defendant .................. 1

        B.  EMC'S Prior Litigations are Irrelevant............................................................ 3

    II.   THE AUSTIN DIVISION IS MORE CONVENIENT IN THIS CASE .............. 3

        A.  Co-Pending Litigations, Including Consolidation for *Markman*, is Neutral ................................................................................................................ 3

        B.  Convenience for Defendants' Witnesses and the Ties to the Subject Matter of the Dispute are Paramount ............................................................... 4

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alacritech, Inc., v. CenturyLink, Inc.*,
   No. 2:16-cv-693-JRG (E.D. Tex. Sept. 29, 2016) ........................................................2

*Data Scape Ltd.. v. Dell Techs. Inc.*,
   No. 6:19-CV-00129-ADA, 2019 U.S. Dist. LEXIS 154170
   (W.D. Tex. June 7, 2019)............................................................................................5

*EMC Corp. v. Pure Storage Inc.*,
   No. 1:13-cv-01985-RGA (D. Del. Nov. 26, 2013) ......................................................3

*EMC Corp. v. Zerto, Inc.*,
   No. 1:12-cv-00956-GMS (D. Del. July 20, 2012) ......................................................3

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*,
   330 U.S. 518 (1947).....................................................................................................1

*Parus Holdings Inc. v. LG Elecs. Inc.*,
   No. 6:19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 150926
   (W.D. Tex. Aug. 6, 2020) ............................................................................................4

*Polaris Innovations Ltd. v. Dell Inc.*,
   No. SA-16-CV-451-XR (W.D. Tex. Dec. 5, 2016) ..................................................1, 2

*Ranger Sec. Detectors, Inc. v. Metorex, Inc.*,
   No. EP-05-CA-0385-FM, 2006 U.S. Dist. LEXIS 7990
   (W.D. Tex. Feb. 7, 2006) ............................................................................................5

*Round Rock Research, LLC v. Dell Inc.*,
   No. 11-976-RGA (D. Del. Apr. 5, 2012) .....................................................................2

*Sable Networks, Inc. et al., v. Juniper Networks, Inc.*,
   No. 6:20-cv-524-ADA (W.D. Tex. Sept. 10, 2020) ....................................................4

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010)....................................................................................1

**Other Authorities**

Fed. R. Civ. P. 45 ................................................................................................................5

**INTRODUCTION**

On October 8, 2020, Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively "Dell") filed a Motion for Transfer of Venue to the Austin Division. On October 22, Sable Networks, Inc. and Sable IP, LLP (collectively "Sable" or "Plaintiff") filed its Response to the Motion.

In its Response, Sable fails to identify a single witness or document in this Division. Instead, Sable mischaracterizes Dell's past actions in unrelated cases to distract from the clear convenience of the Austin Division. The Austin Division has close ties to the products at issue and witnesses in this case. Dell respectfully requests transfer.

**I.     DIFFERENT CASES ARE BEST SERVED BY DIFFERENT VENUES**

"Each case turns on its facts." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 528 (1947)). Different cases present different facts and corresponding local ties. As such, transfer is "an individualized, case-by-case consideration of the relevant factors, balancing convenience and efficiency." *Id.* (internal quotation omitted). Dell's consistent position, in all cases it litigates, is that cases should be litigated in the venue most convenient for that case.

**A.     Sable Mischaracterizes Dell's Transfer Requests as a Defendant**

Dell attempts to litigate in the most convenient forum. Often, that is the district or division with the closest contacts to the products at issue. Consistent with this position, Dell, in some instances, requests transfer outside of Texas when the weight of evidence rests with one of Dell's suppliers in another district, or if the accused products were developed in another district, resulting in evidence and witnesses outside of Dell's offices in Round Rock.

Plaintiff intentionally mischaracterizes Dell's efforts to litigate cases in the most convenient fora. Plaintiff cites to *Polaris Innovations Limited v. Dell Inc.*, to support its position

1

that Dell repeatedly seeks to litigate in Northern California. No. SA-16-CV-451-XR (W.D. Tex. Dec. 5, 2016). In that case, Dell sought transfer because its supplier, NVIDIA, designed, developed, and marketed the products at issue in NVIDIA's Santa Clara Office. *Polaris*, No. SA-16-CV-451-XR (W.D. Tex. Dec. 5, 2016), D.I. 25 at 8 ("NVIDIA's Santa Clara office is where the bulk of the design, development, marketing, and sales activities occur. It is home to 2,630 employees knowledgeable about all aspects of the accused products and both electronic and physical documents and evidence."). Plaintiff also cites to *Round Rock Research, LLC v. Dell Inc.*, in which Dell similarly sought transfer to California. No. 11-976-RGA (D. Del. Apr. 5, 2012), D.I. 35 at 8-9. There, Dell identified ten (10) suppliers located in California with ties to the accused products. *Id.* Similarly, in *Alacritech, Inc., v. CenturyLink, Inc.*, Dell sought transfer to the Northern District of California because "critical sources of proof are located primarily in NDCAL" and "[n]o pertinent third-party suppliers are located in this District." No. 2:16-cv-693-JRG (E.D. Tex. Sept. 29, 2016), D.I. 59 at 9. In each of these cases, the accused products were largely developed by third parties in California, thus transfer was reasonable and convenient. Each of these requests support Dell's consistent position, that cases should be tried in the most convenient venue based on the facts of each case.

Here, Dell seeks transfer to the Austin division, a jurisdiction that Dell has consistently maintained is convenient for litigation regarding Dell-designed and manufactured products. For example, in *Polaris*, Dell sought transfer to the Austin Division as an alternative to litigation in California. No. SA-16-CV-451-XR (W.D. Tex. Dec. 5, 2016), D.I. 25 at 13 ("Thus, in the event the Court does not transfer the case to the Northern District of California, the public and private interest factors favor transferring the case to the Austin Division."). Dell seeks to litigate cases where evidence is most easily accessed. In this case, that venue is the Austin Division.

2

### B. EMC'S Prior Litigations are Irrelevant

Sable cites cases where EMC Corporation was a plaintiff to support its false claim that Dell engages in forum shopping and can easily litigate anywhere. D.I. 35 at 4-5. However, Sable fails to recognize a key piece of information – at the time of the cited EMC actions, 2012-2013, Dell and EMC Corporation were completely separate entities. *See EMC Corp. v. Zerto, Inc.*, No. 1:12-cv-00956-GMS (D. Del. July 20, 2012); *EMC Corp. v. Pure Storage Inc.*, No. 1:13-cv-01985-RGA (D. Del. Nov. 26, 2013). EMC Corporation was an independent Massachusetts corporation, so it is not surprising that it did not file in the Austin Division as it had no ties to this District whatsoever. Dell Inc. did not acquire EMC Corporation until September 2016, several years later. Griffin Dec. Exh. 1. EMC Corporation's actions eight years ago, years before its merger with Dell, have no bearing on the most convenient venue for this case. The present litigation, filed against a company headquartered in Round Rock, implicates products and evidence most conveniently accessed in the Austin Division.

## II. The Austin Division is More Convenient in this Case

Sable fails to identify a single source of proof, a single witness or document, in the Waco Division - because none exist. Further, other co-pending litigations do not warrant retention in the Waco Division, as the actions are not consolidated, and the accused products and sources of evidence are different. The consolidated *Markman* hearing does not weigh against transfer as the other party to the *Markman* hearing also seeks transfer. All relevant ties in this District, lie in Austin. As such, the Austin Division is the most convenient venue for this case.

### A. Co-Pending Litigations, Including Consolidation for *Markman*, is Neutral

Plaintiff alleges that the consolidated *Markman* proceedings, and other co-pending cases, warrant retaining this case in Waco. However, Juniper Networks, Inc. also seeks transfer out of

3

this Division, to the Northern District of California. *Sable Networks, Inc. v. Juniper Networks, Inc.*, No. 6:20-cv-524-ADA (W.D. Tex. Sept. 10, 2020), D.I. 20. "In considering the presence of co-pending litigation, the Court must also consider the presence of co-pending motions to transfer." *Parus Holdings Inc. v. LG Elecs. Inc*., No. 6:19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 150926, at *21 (W.D. Tex. Aug. 6, 2020). As found in *Parus Holdings*, when other defendants are also seeking transfer, the presence of co-pending litigation is neutral. *Id.* at *21-22 (when multiple defendants had filed motions to transfer "the presence of co-pending litigation is neutral with respect to transfer."). It is possible that Juniper will not participate in the pending consolidated *Markman*. Further, as Plaintiff acknowledges, transfer to Austin need not impact the *Markman* proceedings, which could go forward as scheduled. D.I. 35 at 11.

With respect to the other pending litigations, Plaintiff filed cases in Waco over a four-and-a-half month span, asserting a differing set of patents against each defendant. The cases, which are all still in their infancy, do not involve the same products, schedules, or identical patents. D.I. 35-1 at ¶23. Plaintiff made clear at the September 24th hearing that it was reluctant to delay trials in its earlier cases, making consolidation unlikely. Griffin Dec. Exh. 2 at 12:2-19. The co-pending litigations and the consolidated *Markman* are neutral with respect to transfer to the Austin Division.

### B.  Convenience for Defendants' Witnesses and the Ties to the Subject Matter of the Dispute are Paramount

As Plaintiff is unable to identify a single source of proof in this Division, maximizing the convenience of trial by moving closer to Dell's offices and sources of proof, which will not prejudice Plaintiff, is the most relevant concern.

In an attempt to distract from relevant ties to this case, Sable cites to a LinkedIn search where it identified more than 120 Dell employees residing in the Dallas/Fort Worth Area. D.I. 35

4

at 7. This misses the point. There is no evidence that these Dallas witnesses are relevant to the case. Dell is a multinational corporation with over 150,000 employees that have diverse responsibilities and product knowledge. Griffin Dec. Exh. 3. Contrary to Plaintiff's claims regarding compulsory service of process, should these Dallas employees prove knowledgeable (which Dell doubts), Rule 45 compulsory process is equally available in the Austin Division. Fed. R. Civ. P. 45(1)(B) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer.")

Plaintiff also inaccurately alleges that Waco will be more convenient for their expert, Dr. Eugene Ng of Houston. D.I. 35 at 6. Like Dell, Dr. Ng is closer to Austin than to Waco. Griffin Dec. Exhs. 4 and 5. Even if Waco was more convenient for Dr. Ng, "[t]he convenience of expert witnesses weighs little in the [transfer] analysis." *Ranger Sec. Detectors, Inc. v. Metorex, Inc.*, No. EP-05-CA-0385-FM, 2006 U.S. Dist. LEXIS 7990, at *9 (W.D. Tex. Feb. 7, 2006).

The subject matter of this case – whether Dell's products infringe Plaintiff's patents – centers around Dell, which is located in the Austin Division. Similar to *Data Scape Limited v. Dell Technologies Inc.,* a case where Dell similarly identified relevant operations in Austin, California, and outside the United States, "the outcome of the instant action likely affects local Austin interest more acutely than local Waco interests." No. 6:19-CV-00129-ADA, 2019 U.S. Dist. LEXIS 154170, at *8 (W.D. Tex. June 7, 2019). Thus, the "local interest factor [] strongly favors transfer." *Id.* This case has no ties to Waco. The nexus of this case resides in Austin.

## CONCLUSION

Defendant Dell respectfully requests this court transfer this case to Austin, as the case has no ties to Waco and all private and public factors either favor transfer or are neutral.

5

Dated: October 29, 2020					Respectfully submitted


							By: /s/ *Michael J. Newton*
							Michael J. Newton (TX. Bar No. 24003844)
							Brady Cox (TX. Bar No. 24074084)
							**ALSTON & BIRD LLP**
							2200 Ross Avenue, Suite 2300
							Dallas, Texas 75201
							Phone: (214) 922-3400
							Fax:    (214) 922-3899
							mike.newton@alston.com
							brady.cox@alston.com

							Emily Chambers Welch (GA Bar No. 606071)
							(*pro hac vice*)
							**ALSTON & BIRD LLP**
							One Atlantic Center
							1201 W. Peachtree Street NE, Suite 4900
							Atlanta, Georgia 30309
							Telephone: (404) 881-7000
							emily.welch@alston.com

							Lauren N. Griffin (NC Bar No. 54766)
							(*pro hac vice*)
							**ALSTON & BIRD LLP**
							101 S. Tryon Street, Suite 4000
							Charlotte, North Carolina 28280
							Telephone: (704) 444-1000
							lauren.griffin@alston.com

							*Attorneys for Defendant Dell Technologies Inc., Dell Inc., and EMC Corporation*
							.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 29, 2020.

Dated: October 29, 2020

*/s/ Michael J. Newton*
Michael J. Newton